Date signed April 14, 2011



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

In re:                                  *

WILLIAM ANTHONY McCONKEY,    *        Case No. 08-25164-JS

                          Debtor    *            Chapter 7

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### *OPINION DENYING MOTION TO CONSTRUE MOTION FOR RELIEF FROM STAY AS AN INFORMAL MOTION TO EXTEND TIME FOR FILING A COMPLAINT TO DETERMINE DISCHARGEABILITY [P. 113]*

This matter came on for hearing upon the motion of creditor Teresa Lynn Milligan, to construe motion for relief from stay as an informal motion to extend time for filing complaint to deny dischargeability of debt [P. 113]. For the following reasons, the motion will be denied.

### *FINDINGS OF FACT*

1. On November 17, 2008, the debtor, William Anthony McConkey ("the debtor"), filed the instant Chapter 7 bankruptcy petition.

2.  On November 18, 2008, the Clerk sent to all creditors a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" ("the Notice") [P. 9].

3.  The Notice scheduled a meeting of creditors to be held on December 17, 2008, and set February 17, 2009 as the deadline for the filing of complaints to determine nondischargeability of debt pursuant to 11 U.S.C. §523(c).[1]

4.  The debtor listed Teresa Lynn Milligan ("Milligan") as a creditor and it is undisputed that she received actual notice of the filing of the bankruptcy petition and the deadlines set forth in the Notice.

5.  The same day that the Clerk sent notice to creditors, November 18, 2008, Milligan filed a motion in the bankruptcy court to modify the automatic stay of 11 U.S.C. §362(a) [P. 10], to permit her to go forward against the debtor in the Circuit Court for Arundel County in pending lawsuits styled *WM Specialty Mortgage, LLC v. Teresa Lynn Milligan, et al.*, Case No. 02-C-07-120406, and *Teresa Lynn Milligan v. William Anthony McConkey*, Case No. 02-C-06-117764.[2]  Milligan also requested

---

[1]The deadline of February 17, 2009 came and went without the filing of any complaints to determine debts to be nondischargeable.  It is noted, however, that the debtor and Charles R. Goldstein, the Chapter 7 Trustee, agreed to the extension of a different deadline, that for the filing by the Trustee of complaints to deny the debtor a discharge.  See Finding of Fact No. 7, *infra*.

[2]Attached as an exhibit to the motion was the circuit court judgment rendered against the debtor, which determined that he had solicited Milligan to engage him as a foreclosure consultant to assist her in preventing the impending foreclosure of her

leave to proceed with the trial of a third suit, *Teresa Lynn Milligan v. Susan D. McConkey, et ux.*, 02-C-08-136021, in which the debtor was a co-defendant with his non-filing spouse. The motion identified the causes of action in the State court to be based upon alleged violations by the debtor of the Protection of Homeowners in Foreclosure Act (PHIFA), Md. Code Ann., §§ 7-301–7-321 (2005), and also alleged constructive fraud (breach of fiduciary duty) by the debtor as a real estate agent.

The fraudulent conveyance suit (Case 02-C-08-136021) was filed on November 6, 2008 and alleged that the debtor fraudulently conveyed real property worth more than $4,000,000, including 7803 Bastille Road, Severn, Maryland 21144 to his wife, Susan D. McConkey, for no consideration. Four days after Milligan filed her fraudulent conveyance suit, the debtor recorded a deed in the land records that purported to transfer 7803 Bastille Road to a business associate, Andrew P. Gravatt.

---

residence; that he convinced her to transfer title to her residence to him; and that "[his] acquisition of an interest in the Property [her residence] was illegal, a violation of law [i.e., a violation of the Protection of Homeowners in Foreclosure Act ("PHIFA"), codified in the Annotated Code of Maryland, RP § 7-301, *et. seq.*] a violation of public policy, and was void *ab initio*." Judgment and Order of the Circuit Court for Arundel County, ¶ 12, September 5, 2008. *See Johnson v. Wheeler*, 492 F. Supp.2d 492, 495-96 (D. Md. 2007) (Messitte, D.J.) (describing the type of mortgage scam addressed by the statute).

6.  On December 12, 2008, a hearing was held on the first motion for relief from stay, at which time this Court granted the motion, thereby permitting Milligan to liquidate her claims against the debtor in the Circuit Court.  However, Milligan did not submit an order and none was ever entered granting the first motion.[3]

7.  On February 10, 2010, a Chapter 7 discharge was issued to the debtor by order [P. 110] entered by the Clerk of this Court.

8.  On March 14, 2010, more than a year after the February 17, 2009 deadline for filing nondischargeability complaints, Milligan filed the instant motion to construe the motion for relief from stay as an informal motion to extend time for filing complaint to deny dischargeability of debt.  The motion recited that trial in the State court had occurred nearly a year earlier, on April 29 and 30, 2009, and that a verdict had been entered in favor of Milligan in the amount of $34,000, plus an award of counsel fees in the amount of $75,000, having been recorded on May 1, 2009.

9.  On May 26, 2010, this Court held a hearing on the instant motion and denied it in an oral opinion.

### HOLDING

---

[3]The same day, December 12, 2008, Milligan filed an amended motion to modify stay [P. 28], that omitted the request for relief from stay to pursue McConkey in Case No. 02-C-08-13602.  On February 6, 2009, this Court granted the amended motion by order of even date [P. 63].

4

Creditor did not sustain her burden of proof to justify the application of the doctrine of equitable tolling of the 60-day deadline for the filing of complaints to determine nondischargeability of debt, and accordingly, the bankruptcy court declined to construe a motion for relief from stay filed before the expiration of the deadline as a motion to extend the time for the filing of such a complaint.

## CONCLUSIONS OF LAW

## SUBJECT MATTER JURISDICTION

1.  This matter is a core proceeding, over which the bankruptcy court has subject matter jurisdiction, pursuant to 28 U.S.C. § 157(b)(2)(I) &(O)[4]

---

[4]Section 157(B)(2)(O) and (O) provides, as follows:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to–

\*    \*    \*    \*    \*

(I) determinations as to the dischargeability of particular debts;

\*    \*    \*    \*    \*

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity

GOVERNING STATUTES AND RULES

2.  Various subsections of Section 523 of the Bankruptcy Code deal with the

nondischargeability of certain enumerated debts in the instant case.[5]

_____

security holder relationship, except personal injury tort or wrongful
death claims . . .

28 U.S.C. § 157 (b)(2)(I) and (O).

[5]Section 523 (a)(2), (a)(4) (a)(6) and (c) provide, as follows:

### § 523. Exceptions to discharge

(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or
1328(b) of this title does not discharge an individual debtor from any
debt–

\*          \*          \*          \*

(2)  for money, property, services, or an extension, renewal, or
refinancing of credit, to the extent obtained by–

(A)  false pretenses, a false representation, or actual fraud,
other than a statement respecting the debtor's or an insider's financial
condition;

(B)  use of a statement in writing–

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial
condition;

(iii)  on which the creditor to whom the debtor is

6

liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

\*　　　　\*　　　　\*　　　　\*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

\*　　　　\*　　　　\*　　　　\*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

\*　　　　\*　　　　\*　　　　\*

(c)(1)  Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(a)(2)(a), (a)(2)(b), (a)(4), (a)(6) and (c)(1).

7

3.  This matter is governed by Federal Rule of Bankruptcy Procedure 4007(c), which sets a 60-day deadline for the filing of complaints to determine the dischargeability of debts.[6]

4.  Federal Rule of Bankruptcy Procedure 9006(b)(3) provides that an extension of time to file a nondischargeability complaint under Rule 4007(c) may be granted only "to the extent and under the conditions stated" in the rule.  Fed. R. Bankr. Proc. 9006(b)(3).  Rule 4007(c) provides that an extension to file a complaint must be requested before the expiration of the time to file the complaint.

---

[6]Federal Rule of bankruptcy Procedure 4007(c) provides as follows:

**Rule 4007.  Determination of Dischargeability of a Debt**

\*   \*   \*   \*   \*   \*

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case; notice of time fixed.

Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.  On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).

8

5.   Judge Derby described the interplay between the requirements of Rule 4007(c) and Section 523(c) of the Bankruptcy Code in his opinion in *Lawrence Steel Erection Co. v. Piercy (In re Piercy)*, 140 B.R. 108 (Bankr. D. Md. 1992):

> Section 523(c)(1) requires a creditor claiming nondischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6) to file a complaint to determine dischargeability. Under Bankruptcy Rule 4007(c), a complaint to determine dischargeability under 11 U.S.C. § 523(c)(1) "shall be filed not later than 60 days following the first date set for the meeting of creditors...."  The court is required to give all creditors at least 30 days notice of the deadline for filing. *Id.*  Motions for extension of time to file a dischargeability complaint under Rule 4007 must be filed prior to the deadline.

*In re Piercy*, 140 B.R. at 110, citing COLLIER ON BANKRUPTCY, § 523.14 (15th ed. 1991) (claim of unlisted creditor who had actual knowledge of the bankruptcy filing *held*, barred for failure to file dischargeability complaint timely.).

6.   Judge Mannes held that the plain meaning of Rules 4007(c) and 9006(b)(3) indicates that a bankruptcy court is without authority to grant an extension of time for a complaint filed under Section 523(c),  unless the motion to extend time was filed before the bar date. *Herman v. Bateman (In re Bateman),* 254 B.R. 866,  871 (Bankr. D. Md. 2000) (unlisted creditor with actual knowledge of the bankruptcy filing was on inquiry notice as to the bar date, and the bankruptcy court was without authority to extend the time limitations set forth in Bankruptcy Rule 4007(c)).

7.   In support of her motion, Milligan cited a unpublished order entered by Judge Keir in the case of *In re Kendrick*, Case No. 02-15519-DK.[7]  In *Kendrick*, the debtor filed his Chapter 7 bankruptcy petition on May 6, 2002; the first date set for the meeting of creditors was June 14, 2002; and the Clerk sent notice to all creditors that August 13, 2002 was the 60-day deadline for filing complaints objecting to discharge and dischargeability.  On May 17, 2002, Bradbury, a creditor, filed a motion for relief from stay to permit her to proceed with a complaint that was pending against the debtor in the State court.   While the motion did not mention either the word "dischargeability" or "Section 523 of the Bankruptcy Code," it did provide specific factual allegations for a court to find a cause of action for willful and malicious injury. In addition, the complaint was attached to the motion, in which the plaintiff alleged that the debtor had videotaped her without her knowledge or consent while she was taking a shower, and sought damages for fraud and intentional infliction of emotional distress, among other causes of action.   While the lift stay motion was pending, on

---

[7]Unpublished opinions are not binding precedent in the Fourth Circuit.  *Bartel v. Sun Life Assur. Co.*, 536 F. Supp. 2d 623, 632 n. 6 (D. Md. 2008) ("three unpublished magistrate judge orders from within this Circuit where discovery beyond the administrative record was permitted . . .are not binding precedent on the court."); *see also Cox v. Bast (In re Bast)*, 212 B.R. 499, 503 n. 2 (Bankr. D. Md. 1997) (While "[a]n unpublished opinion has no binding precedential effect in unrelated matters as to legal principles applied". . .it is "a binding disposition of the disputes resolved" as to the same parties.).

10

August 29, 2002, 16 days after the deadline for filing a dischargeability complaint,

Bradbury filed another motion entitled "Motion to Recast Motion for Relief From

Stay as Informal Motion to Extend Time for Filing Complaint to Deny

Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(6)."[8]

8.   Relying on *In re Sherf*, 135 B.R. 810 (Bankr. S.D. Tex 1991) and *In re*

*Tribble*, 205 B.R. 405 (Bankr. E.D. Ark. 1997), Judge Keir granted the motion and

recast the motion for relief from stay as an informal motion to extend time to file a

complaint to deny dischargeability of debt.  In *Sherf*, creditors filed a timely objection

and a complaint objecting to the debtor's discharge, citing 11 U.S.C. §727 and alleged

specific factual allegations of fraud.   In *Sherf*, because the timely objection was

defective because it "had not been filed under a separate [case] number as an

adversary proceeding and because no filing fee was paid."  *Sherf*, 135 B.R. at 812.

However, the debtor had notice of the claim because the creditor had filed not one but

two motions objecting to the debtor's discharge.  In *Tribble*, the timely motion for

relief from stay discussed nondischargeability of debt.  205 B.R. at 406.  In *Kendrick*,

as in the instant case, the creditors' motions did not mention either Section 523 or

dischargeability.

––––––––––––––––––––

[8]The motion was filed in the instant case more than a year out of time, while the
motion in *Kendrick* was filed 16 days after the expired deadline.

11

ALTERNATE SCENARIOS

9.   Three alternate scenarios may confront a creditor seeking to have a debt against a debtor determined to be nondischargeable in bankruptcy, pursuant to Section 523(a)(2),(a)(4) and (a)(6).

A.   On the petition date, the creditor is already the holder of a liquidated, prepetition judgment against a debtor.

B.   A lawsuit was pending on the petition date in which the creditor was in the process of obtaining such a judgment against the debtor in a nonbankruptcy forum when the automatic stay halted the proceedings.

C.   The third situation is where adverse action was threatened but no legal proceedings had been instituted against the debtor by the petition date and the automatic stay prevented such proceedings from beginning.

10.   In all three scenarios, the creditor is required to file a complaint to determine the debt to be nondischargeable in the bankruptcy court within the prescribed deadline of 60 days after the first date set for the meeting of creditors, or to seek an extension within the same 60-day period.

11.  If the prepetition judgment obtained against the debtor was based upon the enumerated exceptions to dischargeability, the creditor in scenario (1) who files the adversary proceeding may request the bankruptcy court to accord the judgment *res*

*judicata* or collateral estoppel effect and determine that it is nondischargeable on its

face. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L. Ed.2d 755 (1991).

However, creditors in scenarios (2) and (3), in addition to filing the dischargeability

complaint, may move in the bankruptcy court for relief from the automatic stay to

proceed in a nonbankruptcy forum to obtain their judgment.  The filing of a timely

complaint preserves the issue of dischargeability for later determination by the

bankruptcy court, while the creditor proceeds to obtain a liquidated judgment

elsewhere.[9]  The debt that is the subject of a pending dischargeability complaint is

automatically excepted from the entry of a discharge until final disposition of the

complaint.

    12. The filing of a motion for relief from the automatic stay alone does not toll

the 60-day deadline.  To reiterate, the creditor has only one of two options with

respect to the 60-day deadline: one, the filing of a timely complaint within the 60

─────────────

[9]There may be tactical reasons to lift the stay to proceed in a nonbankruptcy forum or not to do so and proceed in the bankruptcy court on the dischargeability complaint without first having a liquidated debt.  The rates of interest on State court judgments are currently greater than the rate obtainable in the Federal courts at the present time.  There may be issues of the availability of a jury trial in the State court, as opposed to the bankruptcy court.  The debtor may be one of a number of co-defendants whose trial was pending in the nonbankruptcy forum when the petition was filed, which halted the proceedings only against the debtor.  There may be other relief obtainable in the nonbankruptcy forum that is unavailable in the context of an action in the bankruptcy court to determine nondischargeability of debt, including rescission and other statutory relief.

13

days; or two, within the 60 days the filing of a motion to extend the time to file such a complaint, which the Court may grant in the proper exercise of its discretion.

13. "[A] complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court[.]" *Snyder v. Devitt (In re Devitt)*, 126 B.R. 212, 215 (Bankr. D. Md. 1991) (holding that the bankruptcy court's equitable jurisdiction in nondischargeability extends to the liquidation of the amount of the debt as well as to the entry of a nondischargeable money judgment).[10]

DEADLINES ARE NOT JURISDICTIONAL

14. The Fourth Circuit has held that deadlines imposed by Bankruptcy Rule 4004 governing the filing of complaints objecting to discharge (rather than to dischargeability) were not jurisdictional and did not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases. *Farouki v. Emirates Bank Int'l*, 14 F.3d 244, 248 (4th Cir. 1994).

15. A deadline that is not jurisdictional has the same effect as a statute of limitations, rather than being an absolute bar to a late filing. In other words, the late filing of an action does not automatically require dismissal on the ground that the

---

[10]However, the bankruptcy court may not enter a second money judgment if the creditor already obtained a money judgment rendered by the nonbankruptcy forum. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253 (4th Cir. 2001). In that instance, the only function of the bankruptcy court is to enter an order declaring the judgment to be nondischargeable.

court has no jurisdiction (or power) to entertain it, and a defense of limitations must be raised by a respondent in order that the action be dismissed on that ground; but unless such defense is interposed, the late-filed action may proceed and the defense of lateness is waived. *Palmer v. Hayden ( In re Hayden)*, 246 B.R. 795, 800 (Bankr. D. S.C.1999) ("Therefore, the time bar imposed by Rule 4007(c) is an affirmative defense."). Of course, even when limitation of actions is raised as an affirmative defense, it may be overruled on equitable grounds.

16. The 60-day deadline for filing complaints to determine dischargeability of debt is a statute of limitations, which the Supreme Court has defined as one that "prescribes a period within which certain rights (namely, priority and nondischargeability in bankruptcy) may be enforced." *Young v. United States*, 535 U.S. 43, 44, 122 S. Ct. 1036, 1037, 152 L. Ed.2d 79, 82 (2002) (It is hornbook law that limitations periods are "customarily subject to 'equitable tolling,'"[11] quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L. Ed.2d

---

[11]The equitable tolling of a period of limitations is the suspension of a time limit for the pursuit of a legal claim in the appropriate forum based upon principles of equity or equitable grounds, including waiver, estoppel, unclean hands, misrepresentation or concealment by the adversary, or the presence of other extraordinary circumstances. The party seeking such relief bears the burden of proving that equitable tolling is warranted. The decision whether to apply equitable tolling is determined by courts on a case-by-case basis, but by and large equitable tolling is granted sparingly. See further discussion in Conclusions of Law Nos. 25 and 26, *infra*.

15

435, 443 (1990).  *Cf. Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2560, 177 L. Ed.2d 130, 143 (2010) ("We have previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling,'" citing *Irwin*, *supra*.

17.  One purpose of bankruptcy laws is to quickly resolve creditor claims within a limited time frame.   *See Katchen v. Landy*, 382 U.S. 323, 328, 86 S. Ct. 467, 471-72, 15 L. Ed. 2d 391, 396 (1966).  In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), the Supreme Court rejected the equitable argument that would have permitted a bankruptcy trustee to file a late objection, where the debtor had claimed exemptions in certain property that by law was non-exempt.  The Court said that "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."  *Taylor*, 503 U.S. at 644, 112 S. Ct. at 1648, 118 L. Ed. 2d at 287 (1992).

18.  The most striking feature of the 60-day time limit is the relative shortness of its duration, subject however, to extensions granted for cause, which must be requested within the same 60 days.  The obvious purpose of such a minimal period of limitations is to expedite the administration of the debtor's bankruptcy case by requiring creditors to take action to resolve promptly those issues relating to discharge in order to facilitate the debtor's opportunity to obtain a fresh start.  These concerns

16

must be balanced against the creditor's diligence in obtaining a resolution of the claim and the nature of or reason for the creditor's failure to file the required pleading within the time limit.

19. In *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L. Ed.2d 867 (2004), the Supreme Court explained the purpose of the time limits:

> [f]irst, they inform the pleader, i.e., the objecting creditor, of the time he has to file a complaint.  Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits.

*Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 916, 157 L. Ed.2d 867, 880 (2004).

20.    Bankruptcy Courts have applied the Supreme Court's emphasis on enforcing deadlines and strictly enforced the deadlines imposed by Rule 4007(c).  *See Spitz v. Tepfer (In re Tepfer)*, 280 B.R. 628, 630 (N.D. Ill. 2002) *(citing Themy v. Yu (In re Themy)*, 6 F.3d 688, 689 (10th Cir. 1993)); *In re Pendergrass*, 376 B.R. 473, 476 (Bankr. E.D. Pa. 2007*)*; and *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 147 (9th Cir. 1993).

21.  Many courts view Rule 4007(c) as a means to facilitate the debtor's fresh start, by requiring "creditors to file their complaints speedily or yield them forever." *FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 69 (7th Cir. 1997); *In re Pendergrass*, 376 B.R. 473, 478 (Bankr. E.D. Pa. 2007); and *State Bank & Trust, N.A. v. Dunlap (In re*

17

*Dunlap*), 217 F.3d 311, 315 (5th Cir. 2000) *(citing Matter of Ichinose*, 946 F.2d 1169, 1172 (5th Cir. 1991)).   "Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship." *Eckel Indus. v. Collins (In re Collins)*, 173 B.R. 251, 252 (Bankr. D. N.H. 1994) *(citing Oppenheim, Appel, Dixon & Co., v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 397-98 (5th Cir. 1989)).

EQUITABLE DEFENSES

22.  In *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003). the Sixth Circuit held that Rule 4007(c) "is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Id., (citing United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S. Ct. 1785, 85 L. Ed. 2d 64 (1985).

WAIVER

23.  Because McConkey objected timely to the motion filed by Milligan to construe the motion for relief as an informal motion to extend time for filing a complaint, McConkey never waived his affirmative defense that the complaint is time-barred pursuant to Rule 4007(c).

ESTOPPEL

18

24. The claim of estoppel is only relevant in "situations where a court explicitly misleads a party." *Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d 1354, 1358 (9th Cir. 1994) *(citing Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 148 (9th Cir. 1993)); and *see also In re Pendergrass*, 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007). There has been no allegation made that this Court misled Milligan, who actually received proper notice of the deadline to file an adversary complaint. Accordingly, estoppel cannot be asserted by Milligan as an equitable basis for this Court to allow her untimely complaint.

EQUITABLE TOLLING

25. Equitable tolling of a statute of limitations has been described as follows:

The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware that he or she may have a cause of action. It permits courts to extend a limitation period on a case-by-case basis to prevent inequity, even when such period would otherwise have expired. Where applicable, equitable tolling operates to suspend the running of the statute of limitations until such time as the factor or circumstance causing the limitations period to be suspended is discovered or should have been discovered but thereafter, a party must act with due diligence in asserting its rights.

The courts have disagreed as to whether equitable tolling is a doctrine available under Fed. R. Bankr. P. 4007(c), with many holding that the deadline fixed by Fed. R. Bankr. P. 4007(c) is not jurisdictional and therefore is subject to extension under various equitable doctrines, including equitable tolling. However, a number of other courts have

19

held that the doctrine is inapplicable, either because it is considered an equitable doctrine inappropriate to the circumstances or because the deadline is considered absolute and not subject to extension where an extension is not requested prior to its expiration.

*Equitable Tolling of Federal Rules of Bankruptcy Procedure, Rule 4007(c), Providing 60-Day Deadline for Filing Dischargeability Complaints*, 40 A. L. R. Fed. 2d 541 (2009); *see also* Corman, 2 LIMITATION OF ACTIONS §§ 8.2, 8.4.4. (1991 ed.).

26.  In order to establish equitable tolling, Milligan must show that her failure to file a complaint within the time provided was the result of "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In *Rouse*, the Fourth Circuit held that errors of counsel that prevent timely filing are neither extraordinary or external.  339 F.3d at 248.

27.  In *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003), the Sixth Circuit held that the bankruptcy court was justified in applying equitable tolling to a motion for extension to file complaint that was filed three days after the 60-day deadline by a creditor who was misled by the debtor's promise to turn over documents in a timely fashion.  The court acknowledged that while the creditor "could have filed his motion for an extension within the time decreed by the rule, he filed that motion

20

only three days out of rule, and we find no error in the bankruptcy court's implicit conclusion that that this delay, too, was partly attributable to Maughan's conduct or in the court's express conclusion that Maughan suffered no prejudice from the extension." 340 F.3d at 344.

## NO EXTRAORDINARY CIRCUMSTANCES PRESENT

28.  Milligan has demonstrated no extraordinary circumstances that prevented her from timely filing her complaint.  Her counsel in the State court and at the motion for relief from stay hearing acknowledged that this was his second post-judgment collection case.  Transcript, p. 23, line 16.  He acknowledged that the reason he did not file a complaint for nondischargeability was because it was his understanding that this was a postpetition issue.  Transcript, p. 24, lines 3-7.  Accordingly, it appears that his unfamiliarity with the Bankruptcy Rules caused him to fail to file the required complaint within the fixed period of time.  Because errors of counsel are neither extraordinary nor external, equitable tolling is not available to Milligan.  *Cf. Asbury v. City of Roanoke*, 599 F. Supp.2d 712, 720 (W.D. Va. 2009) (in Title VII action, held that "a statute of limitations will not ordinarily be tolled based upon mere ignorance of the law for any reason, including lack of counsel.").

21

## WHETHER A MOTION MAY BE DEEMED AN INFORMAL COMPLAINT

29.  In order to deem the lift stay motion as an informal complaint, the motion must satisfy the basic requirements of Bankruptcy Rule 7008, which incorporates Rule 8(a) of the Federal Rules of Civil Procedure, which provides that an adversary proceeding complaint must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Fed. R. Civ. Proc. 8(a).

30.  In addition, Rule 7008(a) requires that a pleading in an adversary proceeding "also contain a reference to the name, number, and chapter of the case under the Code to which the adversary relates. . . [and] a statement that the proceeding is core or non-core."  Fed. R. Bankr. Proc. 7008(a).

31.  In *Collins*, 173 B.R. 251 (Bankr. D. N.H. 1994), the court held that a creditor's motion to modify stay could not be construed as a motion for extension of time for filing a dischargeability complaint, reasoning that while "the Motion to Modify Stay did generally refer to the nature of the District Court action, it did not

22

allege the elements of § 523(a)(6) or even mention § 523(c) or otherwise explicitly indicate that any judgment rendered in the state court action would have to be deemed nondischargeable against the debtors' assets in the bankruptcy court."  173 B.R. at 253.  In *Kennerley*, 995 F.2d 145 (9th Cir. 1993), the Ninth Circuit held that a motion to modify automatic stay could not be construed as a valid complaint to determine dischargeability, on the ground that "[n]either the motion to lift the automatic stay nor the notice of the motion mentioned § 523(c), nor did they indicate that Allred was seeking to have the dischargeability of the debt decided at that time."  995 F.2d at 146-147.  In *Marino*, 37 F.3d 1354 (9th Cir. 1994), another Ninth Circuit opinion, the court explained that the creditor's opposition to a sale did not meet the requirements of Federal Rule of Civil Procedure 8(a) because it did not include any language requesting a nondischargeable judgment.  37 F.3d at 1357.  Furthermore, the opposition to sale did not meet the "additional requirement of Bankruptcy Rule 7008(a) that in an adversary proceeding before a bankruptcy judge, a complaint shall contain a statement that the proceeding is core or non-core."  *Id.*

32.  While it is true that the two motions for relief from stay filed by Milligan alleged that the debtor's actions were fraudulent, neither motion substantially complied with the pleading requirements of the forementioned rules because they

23

neither demanded a nondischargeable judgment nor did they cite Section 523(c) of the Bankruptcy Code or allege that the proceeding was core.

33. In contrast to the cases mentioned above, courts have found that motions filed before the bar date could be construed as *de facto* adversary complaints. However, in each case the court's ruling was based on the fact that the motion filed before the deadline explicitly mentioned the words "discharge" or "nondischargeable." *See Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1505-1506 (9th Cir. 1995) (the memorandum challenged the debtor's right to discharge and provided sufficient factual allegations to support the claim); *In re Tribble*, 205 B.R. 405, 406 (Bankr. E.D. Ark. 1997) (the motion for relief from stay asserted that "since the state court lawsuit was for wilful and malicious injury, the debt was nondischargeable"); and *Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214, 219 (D.S.C. 2009) (the motion for relief from the automatic stay cited 11 U.S.C. § 523(a)(2) and stated the "[d]ebtor's liability is not dischargeable in bankruptcy").[12]

---

[12]*Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214 (D. S.C. 2009) held that a motion for relief from stay filed within the 60-day deadline for filing nondischargeability complaints could be amended and converted to a complaint *after the expiration of the deadline to file such complaints* because the motion for relief had contained sufficient facts to put the debtor on notice that the creditor was proceeding against him on a nondischargeable debt. The opinion concludes that a timely-filed motion for relief from automatic stay may be construed as a defective complaint.

34. Neither of the motions for relief from stay filed by Milligan mentioned dischargeability or cited 11 U.S.C. §523. "If the Court were to recognize the noticed-based exception on the facts involved here, every motion for stay relief involving state court litigation would render uncertain the tolling of the 60 day deadline and undermine the fresh start policy behind the Rule." *Eckel Indus. v. Collins (In re Collins)*, 173 B.R. 251, 254 (Bankr. D. N.H. 1994).

-------------------

*Quaere*, what is a "defective pleading?"  It would seem that a defective pleading is a document filed in a case or adversary proceeding that is deficient as to form according to the requirements of the Bankruptcy Code or Rules of Bankruptcy Procedure as to that which the document purports to be.  Accordingly a motion for relief from the automatic stay of Bankruptcy Code Section 362(a), complete in itself, is not a defective complaint to determine nondischargeability of debt, regardless of whether or not it refers to Bankruptcy Code Section 523 or mentions the words "nondischargeable debt."  Likewise, it is not a defective motion to avoid a lien, not a defective motion to extend time to file a nondischargeability complaint, not a defective pleading of any kind.  A pleading filed in proper form in compliance with the requirements of that particular type of pleading is not by definition "defective."  Examples of defective complaints are those filed without a proper caption, that fail to set forth a statement giving the court subject matter jurisdiction, or venue, etc.

Is it proper to consider a motion to be a defective complaint?  The answer appears to be "Yes."  A pleading formatted and titled as a motion to determine dischargeability of debt where the rules require the filing of a complaint is defective in the sense that it is not a complaint.  In that context, a bankruptcy court could treat such a pleading as having been timely filed and allow its amendment to conform to the requirements of a complaint.

25

35. Milligan also cited the unreported opinion of the Fourth Circuit in the case of *Litty v. Litty (In re Litty)*, 155 F.3d 559 (4th Cir. 1998), which affirmed the bankruptcy court's granting of an extension to file a complaint to determine nondischargeability of debt because the bankruptcy court never notified the parties of the original extension. The creditor had timely filed for an extension of time to file a complaint, but was never notified that the motion had been granted. The bankruptcy judge felt he misled the creditor and was therefore entitled to use his equitable powers to right the wrong he created. The instant case is distinguishable from *Litty v. Litty*, because Milligan has not alleged that she was misled by this Court or that she was not notified of the deadline to file an adversary proceeding. *See also Schmidt v. Goscicki (In re Goscicki)*, 207 B.R. 893, 897-98 (BAP 9th Cir. 1997), *aff'd.*, 162 F.3d 1168, 1998 WL 741180 (9th Cir. 1998) (creditor's application to remove State court litigation, bankruptcy court order lifting the automatic stay and adversary proceeding cover sheet did not operate as dischargeability complaint.).

## EXCUSABLE NEGLECT IS NOT APPLICABLE

36. In the context of the late filing of a complaint to deny discharge or determine nondischargeability, "excusable neglect" under Bankruptcy Rule 9006(b) is not available as a defense to a motion to dismiss because Bankruptcy Rules 4004

and 4007 specify the sole condition for enlargement of the deadline. *Mann v. CCR Fin. Planning (In re McKoy)*, 211 B.R. 843, 847 (E.D. Va. 1997) ("Rule 9006(b)(3) precludes the consideration of untimely motions under the excusable neglect standard of Rule 9006(b)(1)," citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L. Ed.2d 74 (1993) and *Hartford Accident & Indemnity Co. v. Mulvaney (In re Mulvaney)*, 179 B.R. 806, 808–09 (Bankr. E.D. Va. 1995).) *See also* Resnick & Sommer, 9 COLLIER ON BANKRUPTCY, ¶ 4007.04 [3][b], 4007-14 (16th ed., 2010).

POSTPETITION RECORDED JUDGMENT WAS DISCHARGED

37.   Even though the automatic stay was lifted by this Court to permit the judgment to be entered in favor of Milligan (and counsel) by the Circuit Court for Anne Arundel County, that judgment was discharged because Milligan did not file a timely complaint to hold nondischargeable the prepetition debt upon which the judgment was based. *Cf. Horizon Aviation of Virginia, Inc. v. Alexander*, 296 B.R. 380 (E.D. Va. 2003) and *In re Presley*, 288 B.R. 732 (W.D. Va. 2003).

WHEREFORE, because the creditor has failed to carry her burden that  she has met the requirements of equitable tolling, and because the motion for relief from stay does not meet the requirements of an informal motion to extend time for filing

27

complaint to deny dischargeability of debt or as such a complaint, the motion will be

DENIED.

### *ORDER ACCORDINGLY.*

cc:    Tate Russack, Esquire
       Russack Associates, LLC
       100 Severn Avenue, Suite 101
       Annapolis, Maryland   21403

       William A. McConkey
       207 Cypress Creek Road
       Severna Park, Maryland   21146

       Brent C. Strickland, Esquire
       Kristen B. Perry, Esquire
       Whiteford Taylor, et al.
       Seven Saint Paul Street, Suite 1400
       Baltimore, Maryland 21202

       Mark A. Neal, Assistant U.S. Trustee
       Garmatz Federal Courthouse
       101 West Lombard Street, Suite 2625
       Baltimore, Maryland   21201

       Charles R. Goldstein, Trustee
       Protiviti, Inc.
       1 East Pratt Street, Suite 800
       Baltimore, Maryland  21202

       John D. Burns, Esquire
       The Burns Law Firm, LLC
       6303 Ivy Lane, Suite 102
       Greenbelt, Maryland  20770

Michael Gregg Morin, Esquire
124 South Street, Suite 3
Annapolis, Maryland  21401

Teresa Lynn Milligan
c/o Michael Gregg Morin
P.O. Box 778
Severn, Maryland  21144-0778